UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY SADLER,

        Plaintiff,                                    Case No:
                                                      Judge
vs.                                                   Magistrate

THE LIGHTSTONE GROUP, a Foreign
Profit Corporation, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
ESA PROPERTIES, L.L.C, a Foreign Limited
Liability Company, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
and CROSSLAND ECONOMY STUDIOS #527.

        Defendants.

| | |
|---|---|
| BRIAN L. FANTICH (P60935) | John J. Gillooly (P41948) |
| ROBERT BACHTEAL (P32493) | GARAN LUCOW MILLER, P.C. |
| LAW OFFICES OF KELMAN & FANTICH | Attorney for Defendants |
| Attorneys for Plaintiff | 1000 Woodbridge Street |
| 30833 Northwestern Hwy, Suite 206 | Detroit, MI   48207 |
| Farmington Hills, MI   48334 | 313.446.5501 |
| 248.855.0100 | jgillool@garanlucow.com |
| kelmanandassociates@yahoo.com | |

**NOTICE FOR REMOVAL OF CAUSE TO
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TO:   Brian L. Fantich (P60935) / Robert Bachteal (P32493)

        1.   <u>State Court Action</u>.    This is an action initially filed in the Circuit

Court for the County of Wayne, State of Michigan on January 30, 2014 being

numbered 2014-001150-NO on the docket of said Court, asserting a claim against Defendants THE LIGHTSTONE GROUP and ESA PROPERTIES, L.L.C. d/b/a CROSSLAND ECONOMY STUDIOS #527 and CROSSLAND ECONOMY STUDIOS #527, seeking money damages for personal bodily injuries sustained and arising out of negligence and/or breach of implied warranty.

2. <u>Diversity of Citizenship</u>.    That the Plaintiff, as is alleged in Paragraph 1, of the Complaint is a citizen of the United States, and of the State of Ohio.  The Defendants, THE LIGHTSTONE GROUP and ESA PROPERTIES, L.L.C. d/b/a CROSSLAND ECONOMY STUDIOS #527 and CROSSLAND ECONOMY STUDIOS #52, is a corporation with its principal place of business located in Charlotte, North Carolina.  For the purposes of the removal, the Plaintiff is not a citizen of the State of Michigan and Defendant, THE LIGHTSTONE GROUP and ESA PROPERTIES, L.L.C. d/b/a CROSSLAND ECONOMY STUDIOS #527 and CROSSLAND ECONOMY STUDIOS #527, are not and are not now  citizens of the State of Michigan and, therefore, there exists a complete diversity of citizenship between the parties and this Court has jurisdiction pursuant to 29 U.S.C. §1332.

3. <u>Amount in Controversy</u>.    Plaintiff alleges that the amount in controversy exceeds $25,000.00.  Plaintiff alleges that she slipped and fell on

2

black ice causing severe and disabling injuries, possible aggravation and/or acceleration of pre-existing conditions. <u>See</u> Plaintiff's Complaint, paragraphs 22 and 27. Upon information and belief, if Plaintiff is able to prove all of her damages, and if all of Defendant's affirmative defenses fail, this matter will more likely than not exceed the amount in controversy limit for diversity jurisdiction of $75,000.00. Nothing in this document should be construed to mean that this Defendant stipulates to any amount of damages to Plaintiff, and that the allegations in this document are only meant as proof of the amount in controversy.

4.   <u>State Court Documents Attached</u>.   A Summons and Complaint, First Set of Interrogatories and Request for Production of Documents/Things was served upon the Defendants, THE LIGHTSTONE GROUP and ESA PROPERTIES, L.L.C. d/b/a CROSSLAND ECONOMY STUDIOS #527 and CROSSLAND ECONOMY STUDIOS #527 on February 11, 2014, by certified mail. Removal is timely under 28 U.S.C. §1446(b). The Defendants, THE LIGHTSTONE GROUP and ESA PROPERTIES, L.L.C. d/b/a CROSSLAND ECONOMY STUDIOS #527 and CROSSLAND ECONOMY STUDIOS #527 have not appeared in the Circuit Court for the County of Wayne, State of Michigan. Attached hereto is a copy of the Complaint and Summons, First Set of Interrogatories and Request for Production of Documents/Things as it

was served upon the Defendants THE LIGHTSTONE GROUP and ESA PROPERTIES, L.L.C. d/b/a CROSSLAND ECONOMY STUDIOS #527 and CROSSLAND ECONOMY STUDIOS #527.

5.    Relief Requested.  Defendants, THE LIGHTSTONE GROUP and ESA PROPERTIES, L.L.C. d/b/a CROSSLAND ECONOMY STUDIOS #527 and CROSSLAND ECONOMY STUDIOS #527, respectfully request the United States District Court for the Eastern District of Michigan accept this Notice of Removal and that it assume jurisdiction of this cause and issue such further orders and processes that may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

 s/John J. Gillooly
GARAN LUCOW MILLER, P.C.
1000 Woodbridge Street
Detroit, MI   48207
313.446.5501
Jgillool@garanlucow.com
P41948

DATED: February 28, 2014

4

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND RETURN OF SERVICE | CASE NO. 14-001150-NO |
|---|---|---|

2 Woodward Ave., Detroit MI 48226     Court Telephone No. 313-224-4679

THIS CASE IS ASSIGNED TO JUDGE    Annette J. Berry    **Bar Number: 42275**

| Plaintiff<br>SADLER, TRACY | v | Defendant<br>ESA PROPERTIES, LLC, a Foreign Limited Liability Company |
|---|---|---|
| **Plaintiff's Attorney**<br>Brian L. Fantich, P-60935<br>30833 Northwestern Hwy Ste 206<br>Farmington Hills, MI 48334-2582 | | **Defendant's Attorney** |

| CASE FILING FEE | JURY FEE |
|---|---|
| ☒   Case Filing Fee - $150.00 | ☐   Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 1/30/2014 | 5/ 1/2014 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.    CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__   A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__   There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__   An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_____      _____
Date                                 Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | **RETURN OF SERVICE** | CASE NO.<br>14-001150-NO |
|---|---|---|

TO PROCESS SERVER:  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐     **OFFICER CERTIFICATE** | **OR** | ☐     **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature _____ |
|---|---|---|---|---|

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                          Date

My commission expires: _____  Signature: _____
                          Date                           Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                Attachments

_____ on _____
                                            Day, date, time

_____ on behalf of _____
Signature

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
      MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TRACY SADLER,

        Plaintiff,

vs.                                  No.       -NO

THE LIGHTSTONE GROUP, a Foreign
Profit Corporation, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527

ESA PROPERTIES, L.L.C., a Foreign Limited
Liability Company, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527

CROSSLAND ECONOMY STUDIOS #527,
individually

        Defendant.
_____/

LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH (P60935)
ROBERT BACHTEAL (P32493)
Attorneys for Plaintiff
30833 Northwestern Hwy., Ste. 206
Farmington Hills, MI 48334
(248) 855-0100
_____/

14-001150-NO

FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/30/2014 3:01:10 PM
CATHY M. GARRETT

        There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

NOW COMES the above-named Plaintiff by and through his attorneys, THE LAW

OFFICES OF KELMAN & FANTICH, and files this Complaint against the Defendants herein,

and states as follows:

    1.      That at all times relevant hereto the Plaintiff was a resident of the City of Detroit,

County of Wayne, State of Michigan.

2. That the Defendant, THE LIGHTSTONE GROUP, a Foreign Profit Corporation, individually and d/b/a CROSSLAND ECONOMY STUDIOS #527, and is doing business at 11808 Middlebelt Rd., City of Livonia, County of Wayne, State of Michigan, with its mailing address being 460 Park Ave., 13th Floor, New York, NY 10022.

3. That the Defendant, ESA PROPERTIES, L.L.C., a Foreign Limited Liability Company, individually and d/b/a CROSSLAND ECONOMY STUDIOS #527, and is doing business at 11808 Middlebelt Rd., City of Livonia, County of Wayne, State of Michigan, with its resident agent being National Registered Agents, Inc., 30600 Telegraph Rd., Ste. 2345, Bingham Farms, MI 48025.

4. That the Defendant, CROSSLAND ECONOMY STUDIOS #527, individually, and is doing business at 11808 Middlebelt Rd., City of Livonia, County of Wayne, State of Michigan.

5. That the value of Plaintiff's claim is in excess of Twenty Five Thousand ($25,000.00) Dollars exclusive of interest, cost and attorney fees.

6. That on or about January 2, 2012, the Defendants did business at and/or were the owners, possessors, and/or maintainers of real property 11808 Middlebelt Rd., City of Livonia, County of Wayne, State of Michigan.

7. That on that date Plaintiff was an invitee/tenant at Defendants' premises 11808 Middlebelt Rd., City of Livonia, County of Wayne, State of Michigan, and while on said premises, suddenly and without warning, she slipped and fell on an unnatural accumulation of black ice on Defendant's steps/walkway (common area) to defective drainage caused by Defendant's defective physical structure causing water to form ice on the steps in an unnatural manner, causing Plaintiff to sustain serious and disabling injuries.

8. That at all times relevant to the within, the Defendants owed a duty to the Plaintiff

to properly maintain the premises and were in a position to best control and prevent the condition

exposing the Plaintiff to the unreasonable risk of harm, and knew of and created the defective

and unsafe condition then and there existing on the premises.

9.      Defendants are in violation of MCLA 67.10 for failure to remove snow, ice and

filth from walkway or did so negligently, and to keep free from obstructions, encroachments or

other nuisances.

10.     That Defendants under a separate and distinct duty owed to Plaintiff's

Defendant's negligently performed their respective obligations-duties to the detriment of Plaintiff

under the contract causing severe and disabling injuries giving rise to tort liability.

11.     That Defendants under a separate and distinct duty owed to Plaintiff Defendants

through their respective active negligence created a new hazard altering the premises which

posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disability

injuries.

12.      That Defendants' had joint possession and control of the premises where this

incident occurred.

13.     That the Defendants owed a duty to the Plaintiff to inspect the areas where tenants

and invitees would walk to ensure that the premises would pose no risk of unreasonable harm to

those lawfully on the premises.

14.    That notwithstanding said knowledge and in total disregard of said duties, the

Defendants breached the same by the following omissions, including but not limited to:

   a.    Permitting hazardous condition to remain on the steps/walkway (common area)
         in an area where tenants and invitees would walk, although Defendants knew, or
         in the exercise of reasonable care and diligence should have known of the
         dangerous condition thereof;

   b.    Permitting a dangerous condition to exist on said premises and allowed and
         permitted said premises, to remain in an unsafe condition, although Defendants

knew, or in the exercise of reasonable care and diligence should have known thereof;

c.   Failing to inspect the premises, repair, replace and/or maintain the steps/walkway (common area) in the area, and/or remove said defect, or in the alternative, to give adequate notice or a warning to Plaintiff and other persons lawfully on said premises of the dangerous condition thereof, although Defendants knew of, or in the exercise of reasonable care and diligence should have known of the dangerous condition thereof;

d.   Failing to keep the area where invitees/tenants would walk in a condition fit for its intended and foreseeable use.

e.   Failing to inspect and maintain the physical structures on Defendants' premises which were defective and in turn caused Plaintiff to slip and fall.

d.   Defective lighting resulting in inadequate illumination in the area (darkness).

15.   That as a direct and proximate result of Defendants' negligence and carelessness, the

Plaintiff sustained damages including, but not necessarily limited to:

a.   Severe injuries to her back and spine (C3-4, C4-5; L5-S1) resulting in nerve damage and requiring surgery resulting in permanent scarring; cervical facet syndrome, cervical disc protrusions, annular tear L5-S1; altered gait, inability to ambulate; diminished extension, flexion and range of motion; injuries to head and neck; injuries to both knees; injuries to Plaintiff's upper and lower extremities, loss of gross and fine motor skills resulting in permanent damage; and severe shock, as well as physical pain and suffering from being violently thrown to the ground;

b.   The requirement of intense therapy for injuries which are permanent in nature;

c.   Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

d.   Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

e.   Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

f.   Severe, frequent and persistent pain which is of a continuing and permanent

4

nature;

16.  That the Defendants breached the warranty of habitability owed to the Plaintiff in failing to maintain (defective physical structure) and/or remove black ice in the steps/walkway (common area) on Defendant's premises, over which the Defendant retained control to maintain and repair.

17.  That in violation of said duty owed to the Plaintiff, and in violation of the Michigan Housing Code, being MCLA 554.139 and MCLA 554.601 et seq, the Defendant failed to maintain and repair the premises.

18.  That Defendant's violated and breached their statutory duty owed to Plaintiff under MCLA 554.139 and MCLA 554.601, in failing to keep the steps/walkway (a common area) fit for its intended use.

19.  That as a direct and proximate result of Defendants failure to uphold the warranty of habitability then existing in Plaintiff's favor, the Plaintiff suffered the substantial losses herein above set forth.

20.  That Defendants' under a separate and distinct duty owed to Plaintiff are responsible for the active negligence of its employee, representative under the doctrine of respondeat superior and are also liable for the injuries sustained by Plaintiff.

21.  That Defendants under a separate and distinct duty owed to Plaintiffs, Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

22.  That Defendants under a separate and distinct duty owed to Plaintiff, Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling

injuries.

23.  That Defendants had possession and control over the area where this incident occurred.

24.  That Defendants, as the owner and landlord of the premises, violated MCLA 554.139 and MCLA 554.601, the Michigan Housing Law, MCLA 125.401, et seq., and MCLA 125.536 by permitting unsafe conditions to exist unabated on the premises.

25.  That Defendant's have breached their respective duties under the International Property Maintenance Code (2009 Edition) and Building Construction Ordinance Section 302.3, which is applicable under MCLA 554.139.  Said statutory/code breach caused Plaintiff's severe injuries to her detriment.

26.  That Defendants' employees, agents and representatives owed separate and distinct independent duty to provide safe dependable and reliable care in diminishing the hazard of ice accumulation through defective physical structures throughout the exterior common areas of the Defendants' premises.

27.  That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendants in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICE OF KELMAN & FANTICH

By: _____
       BRIAN L. FANTICH P-60935
       ROBERT BACHTEAL P-32493
       Attorney for Plaintiff
       30833 Northwestern Hwy., Ste. 206
       Farmington Hills, MI 48334
Dated: January 30, 2014     (248) 855-0100

7

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TRACY SADLER,

       Plaintiff,

vs.

THE LIGHTSTONE GROUP, a Foreign
Profit Corporation, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527

ESA PROPERTIES, L.L.C., a Foreign Limited
Liability Company, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527

CROSSLAND ECONOMY STUDIOS #527,
individually

       Defendant.

Case No. 14-001150-NO
HON. ANNETTE J. BERRY

_____/
LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH (P60935)
ROBERT M. BACHTEAL (P32493)
Attorneys for Plaintiff
30833 Northwestern Hwy., Ste. 206
Farmington Hills, MI  48334
(248) 855-0100
kelmanandassociates@yahoo.com
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT ESA PROPERTIES, LLC, d/b/a CROSSLAND ECONOMY STUDIOS #527

      NOW COMES Plaintiff, TRACY SADLER, by and through her attorneys, LAW OFFICES

OF KELMAN & FANTICH, and submits for answer to Defendant, ESA PROPERTIES, LLC, d/b/a

CROSSLAND ECONOMY STUDIOS #527 ,  its agents, servants, employees, representatives or

attorneys, the following Interrogatories to be answered under oath, separately and fully, in writing,

within twenty-eight (28) days after service thereof in accordance with the Michigan Court Rules.

The information sought herein must be provided by you, your agents, servants, representatives or

attorneys, or any other person who has made this information and knowledge known to you, or from

whom you can obtain this information, and who is competent to testify to the facts stated.  Said

Interrogatories are continuing in nature and as the answers change, amended answers in writing are

to be served upon Plaintiff's attorney promptly.

1.      Please state the name, address, job title of the person answering these Interrogatories.

**ANSWER:**

2.      Did the Defendant have any established procedure for the inspection of the area where this incident took place on the date of the incident?

**ANSWER:**

3.      If so, please state:

    a)      The description of the procedure.

    b)      The date the last inspection was made prior to the date of this incident.

    c)      The name, job title, address and telephone number of each person who participated in such inspection.

    d)      Whether or not such inspection included an inspection of the area in which the Plaintiff was allegedly injured.

**ANSWER:**

4.      Please state whether or not Defendant was the owner and/or maintainer of the premises at 11808 Middlebelt Road, Livonia, Michigan on the date of this incident.

**ANSWER:**

5.      If the answer to Interrogatory #4 is no, place state the name of the person, partnership or corporation whose responsibility it was to maintain and/or repair that area.

**ANSWER:**

6.      If the Defendant had no established procedure for inspection, state whether or not an inspection was made of any location in question at any time on the date of the alleged injury.

**ANSWER:**

7.    If so, please state:

    a)    The time when the such inspection took place.

    b)    The condition disclosed by such inspection.

**ANSWER:**


8.    Prior to this incident, did the Defendant have notice that the location in question constituted a hazardous condition due to the black ice conditions.

**ANSWER:**


9.    If so, please state:

    a)    Whether such information was obtained as a result of an inspection made by the Defendant  and if so the name, job title, address and telephone number of such person who made such an inspection and the date when same was made.

b)   If the Defendant was informed of the condition by an attendant, employee, tradesman, postman, occupant, neighbor, tenant or any other person who used the area, and if so, the name or other means of identification such as address or telephone number of the person who informed the Defendant and the date and time when such information was received.

**ANSWER:**

10.   After learning of the condition at the location in question, please state:

a)   Whether the Defendant posted a sign of warning regarding the potentially hazardous condition.

b)   Whether the Defendant attempted to render it safe in some other manner and if so in what manner.

**ANSWER:**

11.   At any time after the incident, were any photographs taken of the scene of the incident?

**ANSWER:**

12.   If so, please state:

a)   The date when such pictures were taken.

b)   The name or other means of identification address or phone number of the person who took the photographs and the name of the person who employed the photographer.

c)   The name and address of the person who presently has possession or custody of such photographs.

**ANSWER:**

4

13.     What is the name, address and telephone number of each person known to the Defendant to have witnessed this incident?

**ANSWER:**

14.     Was a written statement taken from such witnesses by the Defendant or any other person on the Defendant's behalf?

**ANSWER:**

15.     What is the name of the person or other means of identification by way of address or telephone number of the person who presently has possession or custody of each written statement?

**ANSWER:**

16.     Please state whether or not any employee of the Defendant spoke with the Plaintiff after the incident and if so please identify said person.

**ANSWER:**

17.     Please state whether or not an incident report was made as a result of the alleged incident which occurred in this cause of action.

**ANSWER:**

18.     If so, please identify such document with the name and address of the witness and or employee who made the report, the date and other appropriate description of the incident report.

**ANSWER:**

19.     What is the name or other means of identification such as address or telephone number of the person who presently has possession or custody of said incident report?

5

**ANSWER:**


20.   After the incident, was there an investigation made by or on behalf of the Defendant concerning the circumstances of this incident?

**ANSWER:**


21.   If so, what is the name and address of each person who made such an investigation?

**ANSWER:**


22.   Was the written report furnished to Defendant of the investigation?

**ANSWER:**

23.   If so, what is the name, address and telephone number of the person who presently has possession or custody of the report?

**ANSWER:**


24.   On the date of this incident, was the Defendant insured with respect to any of the claims, cause of action injuries or damages alleged or claimed against this Defendant in this cause of action?

**ANSWER:**


6

25.   If so, please state:

    a)    The total number of such policies.

    b)    The name of the company that issued the policies.

    c)    The policy number of each such policy.

    d)    The name of each person designated as insured's on each policy.

    e)    The limits of bodily injury or public liability coverage of each policy.

**ANSWER:**


26.   Have any changes been made at the place where this incident occurred since the date of this incident?

**ANSWER:**


27.   If so, please give details of such changes.

**ANSWER:**


28.   State the name and address of all expert witnesses to be presented by you and their field of expertise.

**ANSWER:**


29.   When did you first have notice of Plaintiff's injury?

**ANSWER:**


30.   Is it the contention or allegation of the Defendant that the Plaintiff by any act or omission caused or contributed to the cause of Plaintiff's alleged injuries?

7

**ANSWER:**


31.     If you answered the proceeding Interrogatory in the affirmative, please state in detail each act or omission by the Plaintiff which it is contended or alleged caused or contributed to the cause of Plaintiff's injuries.

**ANSWER:**


32.     Please state if any other persons were injured at the location where this incident occurred as a result of icy conditions from two years prior to this incident to the present, setting forth the names of the parties injured, dates, and cause(s) of their injuries.

**ANSWER:**


                              Respectfully submitted,

                              LAW OFFICES OF KELMAN & FANTICH


                    By:       _____
                              BRIAN L. FANTICH (P60935)
                              Attorney for Plaintiff
                              30833 Northwestern Highway, Suite 206
                              Farmington Hills, MI 48334
                              (248) 855-0100

DATED: 1-31-14

8

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TRACY SADLER,

        Plaintiff,

vs.

THE LIGHTSTONE GROUP, a Foreign
Profit Corporation, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527

ESA PROPERTIES, L.L.C., a Foreign Limited
Liability Company, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527

CROSSLAND ECONOMY STUDIOS #527,
individually

        Defendant.

Case No. 14-001150-NO
HON. ANNETTE J. BERRY

_____/
LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH (P60935)
ROBERT M. BACHTEAL (P32493)
Attorneys for Plaintiff
30833 Northwestern Hwy., Ste. 206
Farmington Hills, MI 48334
(248) 855-0100
kelmanandassociates@yahoo.com
_____/

## REQUEST FOR PRODUCTION OF DOCUMENTS/THINGS

TO:    ESA PROPERTIES, LLC, d/b/a CROSSLAND ECONOMY STUDIOS #527, Defendant

        NOW COMES Plaintiff, TRACY SADLER, by and through her attorneys, LAW

OFFICES OF KELMAN & FANTICH, and pursuant to all purposes under MCR 2.314 and any

other applicable rules, the following request is made for the production of all information,

including but not limited to:

        1.    Any and all incident/investigative reports relative to the subject matter of this

lawsuit.

        2.    Any and all photographs, diagrams, drawings taken of the defect on Defendant's

premises that is the subject matter of this lawsuit.

3.    Any and all witness statements taken by Defendant, its agents, servants and/or employees.

4.    Any and all witness statements taken by Defendant's insurance carrier or their agents and/or representatives.

5.    Any and all photographs, diagrams, drawings of the area where this incident occurred that is the subject matter of this lawsuit.

6.    Any and all repair logs, maintenance logs, maintenance requests, in any form for the two (2) years prior to this incident.

7.    Any and all repair logs, maintenance logs, maintenance requests, in any form for the two (2) years after this incident.

8.    Any and all written policies, procedures for employees relative to maintenance and inspection practices of Defendant in effect on the date of this incident.

9.    Any and all lease and/or maintenance agreements in effect on the date of this incident.

10.    Any and all Curriculum Vitaes of any and all experts you intend to call at the trial of this matter.

11.    Any and all video tapes, tape recordings, surveillance, computer records, photographs regarding Plaintiff.

12.    Names of any and all employees, their job titles, and duties who were on duty at Defendant's premises located at 11808 Middlebelt Road, Livonia, Michigan,  on January 2, 2012.

Respectfully submitted,

LAW OFFICES OF KELMAN & FANTICH

_____
BRIAN L. FANTICH (P60935)
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 206
Farmington Hills, MI 48334
(248) 855-0100

DATED: 1-31-14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY SADLER,

      Plaintiff,

vs.

Case No:
Judge
Magistrate

THE LIGHTSTONE GROUP, a Foreign
Profit Corporation, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
ESA PROPERTIES, L.L.C, a Foreign Limited
Liability Company, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
and CROSSLAND ECONOMY STUDIOS #527.

      Defendants.

| | |
|---|---|
| BRIAN L. FANTICH (P60935)<br>ROBERT BACHTEAL (P32493)<br>LAW OFFICES OF KELMAN & FANTICH<br>Attorneys for Plaintiff<br>30833 Northwestern Hwy, Suite 206<br>Farmington Hills, MI   48334<br>248.855.0100<br>kelmanandassociates@yahoo.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants<br>1000 Woodbridge Street<br>Detroit, MI   48207<br>313.446.5501<br>jgillool@garanlucow.com |

## **AFFIDAVIT**

STATE OF MICHIGAN)
                   ) ss.
COUNTY OF WAYNE )

      JOHN J. GILLOOLY, being first duly sworn, deposes and says, that he

is associated with the law firm of GARAN LUCOW MILLER, P.C. and that he

has been charged with the defense and representation of, Defendants,  THE

LIGHTSTONE GROUP and ESA PROPERTIES, L.L.C. d/b/a CROSSLAND ECONOMY STUDIOS #527 and CROSSLAND ECONOMY STUDIOS #527 herein; that in such capacity he has prepared the foregoing Notice for Removal of Cause to the United States District Court, Eastern District of Michigan, Southern Division, that the matters set forth in said Notice are true except as to those matters stated herein to be upon his information and belief as to which matters he is informed and believes same to be true.

Further deponent sayeth not.

s/John Gillooly
JOHN J. GILLOOLY (P41948)

Subscribed and sworn to before me
on the 28th day of February, 2014.

s/Deborah Krauss
Deborah Krauss, Notary Public
County of Wayne
State of Michigan
My Commission Expires: 09/19/2020

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY SADLER,

      Plaintiff,

vs.

THE LIGHTSTONE GROUP, a Foreign
Profit Corporation, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
ESA PROPERTIES, L.L.C, a Foreign Limited
Liability Company, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
and CROSSLAND ECONOMY STUDIOS #527.

      Defendants.

Case No:
Judge
Magistrate

| | |
|---|---|
| BRIAN L. FANTICH (P60935)<br>ROBERT BACHTEAL (P32493)<br>LAW OFFICES OF KELMAN & FANTICH<br>Attorneys for Plaintiff<br>30833 Northwestern Hwy, Suite 206<br>Farmington Hills, MI   48334<br>248.855.0100<br>kelmanandassociates@yahoo.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants<br>1000 Woodbridge Street<br>Detroit, MI   48207<br>313.446.5501<br>jgillool@garanlucow.com |

## PROOF OF SERVICE

STATE OF MICHIGAN)
                        ) ss.
COUNTY OF WAYNE )

      DEBORAH KRAUSS, being first duly sworn, deposes and says that she is associated with the law firm of GARAN LUCOW MILLER, P.C., attorney for Defendants and that on February 28, 2014, she caused to be served a true copy of **NOTICE FOR REMOVAL, AFFIDAVIT and PROOF OF SERVICE** upon the following:

BRIAN L. FANTICH, Esq.                     Clerk Assignment
ROBERT BACHTEAL, Esq.                      WAYNE COUNTY CIRCUIT COURT
LAW OFFICES OF KELMAN & FANTICH            Two Woodward Avenue
30833 Northwestern Hwy, Suite 206          Detroit, MI 48226
Farmington Hills, MI   48334
kelmanandassociates@yahoo.com

by electronic filing the foregoing paper with the Clerk of the Wayne County
Circuit Court using the Odyssey File and Serve Website.

                                    s/Deborah Krauss
1145771.1                           Deborah Krauss

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TRACY SADLER,

      Plaintiff,

vs.

THE LIGHTSTONE GROUP, a Foreign
Profit Corporation, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
ESA PROPERTIES, L.L.C, a Foreign Limited
Liability Company, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
and CROSSLAND ECONOMY STUDIOS #527.

      Defendants.

Case No: 14-001150-NO
Judge Annette J. Berry

---

| | |
|---|---|
| BRIAN L. FANTICH (P60935)<br>ROBERT BACHTEAL (p32493)<br>LAW OFFICES OF KELMAN & FANTICH<br>Attorneys for Plaintiff<br>30833 Northwestern Highway, Suite 206<br>Farmington Hills, MI 48334<br>248.855.0100<br>kelmanandassociates@yahoo.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants<br>1000 Woodbridge Street<br>Detroit, MI 48207<br>313.446.5501<br>jgillool@garanlucow.com |

## NOTICE OF FILING OF REMOVAL

TO:   Clerk of the Court – Brian L. Fantich, Esq. / Robert Bachteal, Esq.

      PLEASE TAKE NOTICE that a Notice of Removal of the entitled action from the Wayne County Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan, a copy of which is attached hereto, was duly filed February 27, 2014, in the United Sates District Court for the Eastern District of Michigan.

          GARAN LUCOW MILLER, P.C.

          /s/John J. Gillooly
          Attorney for Defendant
          1000 Woodbridge Street
          Detroit, MI 48207
          313.446.5501
          jgillooly@garanlucow.com
          P41948

DATED: February 28, 2014

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TRACY SADLER,

     Plaintiff,                        Case No: 14-001150-NO
                                          Judge Annette J. Berry

vs.

THE LIGHTSTONE GROUP, a Foreign
Profit Corporation, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
ESA PROPERTIES, L.L.C, a Foreign Limited
Liability Company, individually and d/b/a
CROSSLAND ECONOMY STUDIOS #527,
and CROSSLAND ECONOMY STUDIOS #527.

     Defendants.

| | |
|---|---|
| BRIAN L. FANTICH (P60935) | John J. Gillooly (P41948) |
| ROBERT BACHTEAL (p32493) | GARAN LUCOW MILLER, P.C. |
| LAW OFFICES OF KELMAN & FANTICH | Attorney for Defendants |
| Attorneys for Plaintiff | 1000 Woodbridge Street |
| 30833 Northwestern Highway, Suite 206 | Detroit, MI  48207 |
| Farmington Hills, MI  48334 | 313.446.5501 |
| 248.855.0100 | jgillool@garanlucow.com |
| kelmanandassociates@yahoo.com | |

## **PROOF OF SERVICE**

STATE OF MICHIGAN)
                   ) ss.
COUNTY OF WAYNE )

     DEBORAH KRAUSS, being first duly sworn, deposes and says that she is employed by GARAN LUCOW MILLER, P.C., and that on the 28th day of February, 2014, she served by electronic filing the foregoing paper with the Clerk of the Court using the Odyssey File and Serve Website which will send notification of such filing to the following:

                         **Brian L. Fantich, Esq.**
                         **Robert Bachteal, Esq.**
                         kelmanandassociates@yahoo.com

                         /s/Deborah Krauss

1145783.1